IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

|  |  |  |
|---|---|---|
| NATIONSTAR MORTGAGE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-cv-1751 |
| | ) | |
| MUJAHID AHMAD AND NATIONSTAR | ) | |
| MORTGAGE, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiff Nationstar Mortgage, LLC's ("Plaintiff") Motion for Summary Judgment on the following counts: Count I – trademark infringement under the Lanham Act in violation of 15 U.S.C. § 1114; Count III - federal unfair competition-misrepresentation and false designation of origin in violation of § 43(a) of the Lanham Act and 15 U.S.C. §1125(a); Count IV – Virginia common law unfair competition; and Count V - fraud.[1]

Plaintiff and Defendants are in the business of mortgage lending services. Plaintiff is a limited liability company with its principal place of business in Irving, Texas. Plaintiff is one of the nation's largest providers of residential mortgage

---

[1] Plaintiff is not moving for summary judgment on Count II - cybersquatting under the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d).

loan services with over 2.3 million customers and a portfolio in excess of $380 billion dollars. Defendant Ahmad is a Virginia resident and a real estate agent and mortgage broker. Defendant Nationstar Mortgage, Inc. is a Virginia corporation with its principal place of business in Arlington, Virginia. Ahmad and Nationstar Mortgage, Inc. are referred to collectively as "Defendants."

This Court has jurisdiction over Plaintiff's federal claims pursuant to Sections 21(b) and 39 of the Lanham Act, 15 U.S.C. § 1071(b) and 1121, and 28 U.S.C. § 1331, 1332(a), and 1338(a). This Court has supplemental jurisdiction over Plaintiff's claims under Virginia law pursuant to 28 U.S.C. 1367(a). Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events occurred in this District.

Plaintiff began using the mark NATIONSTAR MORTGAGE since March of 2006, and is the owner of U.S. Reg. No. 4,782,125 for the mark NATIONSTAR MORTGAGE and U.S. Reg. No. 4, 782, 126 for the mark NATIONSTAR MORTGAGE and Design. Defendant Ahmad registered the domain names NATIONSTARMORTGAGE.COM and NATIONSTARMORTGAGE.NET in April of 2005, but did not incorporate the business Nationstar Mortgage, Inc. until May of 2006. No content was published on these domain names until 2007. On April 20, 2006, Defendant Ahmad filed an application to register the mark NATIONSTAR with the U.S. Patent and Trademark Office

2

("USPTO"), claiming he used the NATIONSTAR mark since April 4, 2005. The Plaintiff subsequently opposed Defendant's application before the Trademark Trial and Appeal Board ("TTAB"). On September 30, 2014, the TTAB issued a decision finding in favor of the Plaintiff, and refused registration of the NATIONSTAR mark by Defendant Ahmad. See Nationstar Mortgage LLC v. Ahmad, 112 U.S.P.Q. 2d 1361 (P.T.O. Sept. 30, 2014). Despite the TTAB decision, Plaintiff alleges that Defendants continue to offer and provide mortgage lending services under the name and mark NATIONSTAR MORTGAGE in violation of the above described counts.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings and evidence before the Court show no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is not a "disfavored procedural shortcut, but rather [an] integral part of the Federal Rules ... which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" Id. While the Court will view the facts and inferences drawn in the light most favorable to the nonmoving party, the party opposing the motion for summary judgment must put forth specific facts showing a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[I]t is ultimately the

3

nonmovant's burden to persuade us that there is indeed a dispute of material fact. It must provide more than a scintilla of evidence—and not merely conclusory allegations or speculation—upon which a jury could properly find in its favor." Design Res., Inc. v. Leather Indus. Of Am., 789 F.3d 495, 500 (4th Cir. 2015) (citations and quotations omitted).

In order to establish trademark infringement under the Lanham Act, a plaintiff must show: 1) that it owns a valid mark; 2) that the defendant is using a similar mark in commerce and without plaintiff's authorization; 3) that the defendant's use is in connection with the "sale, offering for sale, distribution, or advertising" of goods or services; and 4) that the defendant's use of the mark is likely to confuse consumers. 15 U.S.C. § 1114(a); see also Rosetta Stone Ltd. V. Google, Inc. 676 F.3d 144, 152 (4th Cir. 2012); see also Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC, 507 F.3d 252, 259 (4th Cir. 2007).

There is no dispute that Plaintiff is the owner of U.S. Reg. Nos. 4,782,125 and 4,782,126 for the mark NATIONSTAR MORTGAGE. The registrations are prima facie evidence of Plaintiff's ownership of the NATIONSTAR MORTGAGE mark, and of the Plaintiff's exclusive right to use the mark in commerce on or in connection with the services listed in the certificates of registration, namely "mortgage lending services." 15 U.S.C. §

1057(b). The first element of the trademark infringement test is satisfied.

There is also no dispute that Defendants are using the identical mark NATIONSTAR MORTGAGE in commerce. Defendant Ahmad admitted in deposition that he is currently using the mark in commerce. The NATIONSTAR MORTGAGE mark is prominently displayed on Defendants' website at <www.nationstarmortgage.com> in connection with the offering of mortgage lending services. See Bros. of Wheel M.C. Executive Council, Inc. v. Mollohan, 609 Fed. Appx. 149 (4th Cir. 2015) (internet activity is a use in commerce); see generally Lamparello v. Falwell, 420 F.3d 309, (4th Cir. 2005). The second element of the trademark infringement test is satisfied.

Defendant Ahmad further admitted that he is currently advertising, offering for sale, and providing mortgage loans, home equity loans, and refinancing services to the general public under the NATIONSTAR MORTGAGE mark. Mr. Ahmad admitted that he was advertising the NATIONSTAR MORTGAGE business through his website, word of mouth, friends, business cards, flyers and letters. The third element of the trademark infringement test is satisfied.

In determining the fourth element of the trademark infringement test, the Fourth Circuit applies the following multi-factor test: a) the strength or distinctiveness of the

In determining the fourth element of the trademark infringement test, the Fourth Circuit applies the following multi-factor test: a) the strength or distinctiveness of the mark; b) the similarity of the two marks; c) the similarity of the parties' goods or services; d) the similarity of the facilities the two parties use in their business; e) the similarity of the advertising used by the parties; f) the defendant's intent; g) actual confusion; h) the quality of the defendant's product; and i) the sophistication of the consuming public. Swatch AG v. Beehive Wholesale, LLC, 739 F.3d 150, 158-159 (4th Cir. 2014) (citing George & Co. LLC v. Imagination Entertainment Ltd., 575 F.3d 383, 393 (4th Cir. 2009)). These factors are not a "rigid formula;" some factors may be more important than others, and not all factors are relevant in every case. Id. Although the likelihood of confusion is a fairly fact-specific inquiry, "summary judgment is appropriate when the material, undisputed facts disclose a likelihood of confusion." Resorts of Pinehurst, Inc. v. Pinehurst Nat. Corp., 148, F.3d 417, 422 (4th Cir. 1998).

The Fourth Circuit has stated that in determining the distinctiveness of a mark, the court must place the mark in one of four categories: generic, descriptive, suggestive, and arbitrary or fanciful. Retail Services, Inc. v. Freebies Publishing, 364 F.3d 535, 538-39 (4th Cir. 2004). "Arbitrary"

marks are recognizable words used in connection with goods or services for which they do not suggest or describe any features or characteristics of the goods or services offered. Id. Plaintiff's NATIONSTAR MORTGAGE mark is arbitrary. NATIONSTAR is a composite of two recognizable words, NATION and STAR – neither of which have anything to do with mortgage services. The Plaintiff has disclaimed any exclusive rights in the descriptive term MORTGAGE. "Where the proposed mark consists of but two words, one of which is disclaimed, the word not disclaimed is generally regarded as the dominant or critical term in determining distinctiveness." Pizzeria Uno Corp. v. Temple, 747 F.2d 1522, 1529-30 (4th Cir. 1984).

In determining the commercial strength of a mark, the court looks to factors including but not limited to advertising expenditures, sales, attempts to plagiarize the mark, and the length and exclusivity of use of the mark. Wag'N Enterprises, 2012 WL 1633410, at *5; see also Perini Corp. v. Perini Constr., Inc. 915 F.2d 121, 125 (4th Cir. 1990). In the last three years, Plaintiff has spent $107 million dollars in advertising and achieved nearly $5 billion dollars in revenue. The Plaintiff has used the mark NATIONSTAR since March of 2006, and the only known attempt to plagiarize the mark has been from the Defendants.

Weighing these factors, the Court finds the mark NATIONSTAR highly distinctive on both a conceptual and commercial level.

result in confusion." George & Co., 575 F.3d at 396. In this case, Plaintiff and Defendants are using the identical mark NATIONSTAR MORTGAGE.

Where the Plaintiff and Defendant provide the same services, the factor weighs heavily in favor of a likelihood of confusion. See generally Bros. of Wheel, 609 Fed. Appx. At 149. Here, Plaintiff's trademark registrations cover "mortgage lending services," and Defendant Ahmad admitted in deposition that Defendants offer mortgage lending services.

The similarity of parties' facilities and similarity of parties' advertising both weigh in favor of a likelihood of confusion when both parties use the Internet for conducting business. Plaintiff promotes its services on the Internet via its website <www.nationstarmtg.com>, and its social media pages on Facebook, Twitter, Google Plus, LinkedIn, YouTube, and Instagram. Defendants also promote their services via the Internet, primarily through its website <www.nationstarmortgage.com>.

Defendants' bad faith intent can be inferred from the fact they are using the identical mark as the Plaintiffs in offering identical services. Although Defendants registered the domain names NATIONSTARMORTGAGE.COM and NATIONSTARMORTGAGE.NET in April of 2005, he did not post active content until February 2007 – well after Plaintiff had exclusive rights in the mark NATIONSTAR

names NATIONSTARMORTGAGE.COM and NATIONSTARMORTGAGE.NET in April
of 2005, he did not post active content until February 2007 –
well after Plaintiff had exclusive rights in the mark NATIONSTAR
MORTGAGE, and after he was offered a financial incentive to sell
the domain names from a multi-million dollar corporation.
Further, in Nationstar Mortgage LLC v. Ahmad, the TTAB found
that "the applicant [Ahmad] committed fraud on the USPTO"
because he "did not have a good faith reasonable basis for
believing that he was using the NATIONSTAR mark in commerce for
all the services identified in the application." 112 U.S.P.Q. 2d
at 1361. This Court finds that Defendants' conduct in attempting
to establish rights in the NATIONSTAR mark superior to those of
the Plaintiff were made in bad faith.

   The actual confusion of both marks is relatively neutral in
the likelihood of confusion analysis. A "trademark owner need
not demonstrate actual confusion," but evidence of actual
confusion "must be placed against the background of the number
of opportunities for confusion." George & Co., 575 F.3d at 398;
see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of
Virginia, Inc. 43 F.3d 922, 933 (4th Cir. 1995). Defendant Ahmad
was unable to identify any recent transaction that he had
conducted under the NATIONSTAR MORTGAGE mark, nor was he able to
identify any former or current clients with whom he had
conducted business. He was unable to estimate the annual income

of Nationstar Mortgage, Inc., despite the fact that he is the sole owner of the business. He further stated that his advertising was limited to the website, word of mouth, and various flyers and postcards he distributed. Considering the limited use and advertising of the NATIONSTAR MORTGAGE mark by the Defendants, this Court finds there to be little opportunity for consumers to be confused.

The quality of the defendants' products and the sophistication of the consuming public are not relevant in this case. The quality of the defendants' products is only relevant "in situations involving the production of cheap copies or knockoffs of a competitor's trademark protected goods." George & Co., 575 F.3d at 399 (quoting Sara Lee Corp., v. Kayser-Roth Corp., 81 F.3d 455, 467 (4th Cir. 1996)). Likewise, the sophistication of the relevant consumers only comes into play "when the relevant market is not the public at large." Id. In this case, the parties are offering services, not protected goods for sale, and they sell their respective services to the general public.

Weighing all the relevant factors, it is clear that the Defendants' use of the mark NATIONSTAR MORTGAGE is likely to cause confusion with the Plaintiff's previously used and registered NATIONSTAR MORTGAGE mark. The Plaintiff is entitled to summary judgment on its trademark infringement claim because

all four elements of trademark infringement under the Lanham Act are satisfied.

The required elements for a Section 43(a) claim of unfair competition and false designation of origin are essentially the same as the elements for a claim of infringement of a registered trademark under the Lanham Act. 15 U.S.C. § 1125(a); Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc., 673 F.3d 294, 300 (4th Cir. 2012) (holding that "to prevail under ... 43(a) of the Lanham Act for trademark infringement and unfair competition ... a complainant must demonstrate that it has a valid, protectable trademark and that the defendant's use of a colorable imitation ... is likely to cause confusion among consumers"); see generally Lamparello, 420 F.3d at 312.

Under Virginia law, a claim for unfair competition is essentially identical to the elements of the same claim under the Lanham Act. See Lamparello, 420 F.3d at 312 n.1 ("[A plaintiff's] state-law unfair competition claim rises or falls with [its federal claims of infringement and false designation of origin."); see also Lone Star, 43 F.3d at 930 n.10 ("[t]he test for trademark infringement and unfair competition under the Lanham Act is essentially the same as that for common law unfair competition under Virginia law because both address the likelihood of confusion as to the source of the goods or services involved"). The one exception is that under Virginia

11

law, the burden of persuasion to establish a secondary meaning
(or lack thereof) does not shift to the alleged infringer in
cases where there is evidence of intentional, direct copying.
Int'l Bancorp, LLC v. Societe des Bains de Mer et du Cercle des
Estrangers a Monaco, 192 F. Supp. 2d 467, 488 (E.D. Va. 2002);
aff'd, 329 F.3d 359 (4th Cir. 2003). This exception is not
relevant in this case because Plaintiff owns a registered
trademark and is not required to prove secondary meaning.

    As discussed in detail above, the Plaintiff has met all the
elements of trademark infringement by showing that the Plaintiff
is the owner of a valid mark – NATIONSTAR MORTGAGE; that
Defendants have used the identical mark in commerce in
connection with the sale, offering for sale, and advertising of
identical, competing services; and that Defendants' use of the
mark is likely to confuse consumers. Thus, Plaintiff is entitled
to summary judgment on its unfair competition claim under the
Lanham Act and under Virginia common law.

    The TTAB already concluded that Defendant Ahmad committed
fraud on the USPTO in connection with his attempt to register
the NATIONSTAR mark. Nationstar Mortgage, 112 U.S.P.Q at 1376.
The Supreme Court recently considered the issue of whether
decisions by the TTAB are entitled to preclusive effect. B&B
Hardware, Inc. v. Hargis Industries, Inc., 135 S. Ct. 1293
(2015). In that case, the Court held "that a court should give

12

preclusive effect to TTAB decisions if the ordinary elements of issue preclusion are met." Id. at 1299. The Court further explained that issue preclusion should apply "where the issues in the two cases are indeed identical and the other rules of collateral estoppel are carefully observed." Id. at 1306.

In order for collateral estoppel to apply, five things must be met:

> "1) the issue sought to be precluded must be identical to one previously litigated; 2) the issue must have been actually determined in the prior proceeding; 3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; 4) the prior judgment must be final and valid; and 5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding."

Sedlack v. Braswell Servs. Group, 134 F.3d 219, 224 (4th Cir. 1998).

All of the requirements are met in this case. The issue of whether Defendant committed fraud on the USPTO is identical to the question considered by the TTAB in the prior proceeding. The issue was decided against Defendant in the prior proceeding, and the determination of fraud was critical and necessary to the TTAB's final decision. See Nationstar Mortgage, 112 U.S.P.Q. 2d

at 1376 ("The opposition is sustained on the ground of fraud, and registration to applicant is refused"). The TTAB's decision is considered final and valid because Defendant did not appeal the decision within the 60 days as required by 15 U.S.C. § 1071. Finally, Defendant was represented by counsel before the TTAB, and had a full and fair opportunity to litigate the issue of fraud in the prior proceeding.

This Court finds that the TTAB's decision on the issue of fraud to be preclusive against the Defendants. As all other elements of collateral estoppel apply, Plaintiff is entitled to summary judgment on the fraud claim.

For the foregoing reasons, Plaintiff's Motion for Summary Judgment must be granted as to Count I - trademark infringement under the Lanham Act in violation of 15 U.S.C. § 1114; Count III - federal unfair competition-misrepresentation and false designation of origin in violation of § 43(a) of the Lanham Act and 15 U.S.C. §1125(a); Count IV - Virginia common law unfair competition; and Count V - fraud

An appropriate order shall issue.

_Claude M. Hilton_
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December 17, 2015